IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| **TILMON FENSKE,** | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 6:21-cv-339 |
| | § | |
| **J.B. HUNT TRANSPORT, INC.,** | § | |
| | § | |
| *Defendants*. | § | JURY REQUESTED |
| | § | |

## ORIGINAL COMPLAINT AND JURY DEMAND

COMES NOW, Tilmon Fenske ("Plaintiff"), and files his Original Complaint and Jury Demand, complaining of Defendant J.B. Hunt Transport, Inc. ("Defendant J.B. Hunt"), and in support thereof would respectfully show this Honorable Court as follows:

## I.
## PARTIES

1. Plaintiff, Tilmon Fenske is an individual residing in McClennan County, Texas.

2. Defendant, J.B. Hunt Transport, Inc. is a Foreign For-Profit Corporation incorporated in the state of Arkansas and registered to conduct business in the state of Texas. Defendant J.B. Hunt Transport, Inc. may be served with process through its registered agent, Corporation Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701, or wherever this Defendant and/or registered agent may be found.

3. Plaintiff specifically invokes the right to institute this suit against whatever entities or persons were conducting business using the assumed or common name of "J.B. Hunt" with regard to the events described in this Complaint.

## II.
## MISNOMER/ALTER EGO

4. In the event any parties are misnamed or are not included herein, it is Plaintiff's contention that such was a "misidentification," "misnomer," and/or such parties are/were "alter egos" of the parties named herein. Alternatively, Plaintiff contend that any "corporate veils" should be pierced to hold such parties properly included in the interest of justice.

## III.
## SUBJECT MATTER JURISDICTION

1. Plaintiff, Tilmon Fenske, is and was a resident of the state of Texas at all times relevant to this case.

2. Defendant J.B. Hunt is incorporated under the laws of Arkansas and has its principal place of business in Arkansas.

3. Plaintiff is seeking monetary relief over $1,000,000.

4. This Court has subject matter jurisdiction under 28 U.S.C. § 1332 because the controversy is between citizens of different states pursuant to 28 U.S.C. § 1332(a)(1) and the amount in controversy exceeds $75,000, exclusive of interest and costs.

## IV.
## VENUE

5. Venue is proper in the Western District of Texas, Waco Division, because it is the Judicial District in which a substantial part of the events or omissions giving rise to the claim occurred. The accident giving rise to the claim occurred within this Judicial District and therefore Venue is proper under 28 U.S.C. § 1391(b)(2).

## V.
## FACTS

6.     On or about November 19, 2019, Tilmon Fenske was traveling Westbound on Orchard Lane in Waco, Texas in a 2003 Chevrolet Tahoe (VIN # 1GNEK13Z33R1082202). At the same time, Defendant's employee was operating a 2021 International truck-tractor (VIN #3HSDZAPR8MN308796) that was pulling a 2017 Hyundai Translead Trailer (VIN #3H3V532C0JT276931) (herein after collectively referred to as "subject tractor-trailer"). The subject tractor-trailer was owned and operated by Defendant J.B. Hunt. While acting within the course and scope of employment, Defendant's employee was traveling North in the subject tractor-trailer on the 800 block of South Loop Drive and failed to yield the right-of-way at a stop sign. Plaintiff did not have a stop sign and struck Defendant's tractor-trailer because of Defendant's employee's failure to yield the right-of-way. As a result of the accident, Plaintiff suffered injuries and damages.

## VI.
## CAUSES OF ACTION – DEFENDANT J.B. HUNT

A.  **RESPONDEAT SUPERIOR**

7.     Plaintiff affirmatively pleads that any alleged acts or negligence on the part of Defendant's employee were committed while acting within the course and scope of employment with Defendant J.B. Hunt, or alternatively, while on a mission on behalf of Defendant J.B. Hunt. Defendant's employee's negligent actions are thus imputed to Defendant J.B. Hunt under the legal theory of *respondeat superior*.

B.  **NEGLIGENT HIRING**

8.     Plaintiff further pleads that Defendant J.B. Hunt owed Plaintiff a legal duty to protect him from the negligent driving of Defendant's Employee. Plaintiff's damages and injuries

were proximately caused by Defendant J.B. Hunt's breach of said duty. Specifically, Defendant J.B. Hunt was negligent in hiring an incompetent, unfit, or reckless driver whom it knew, or by the exercise of reasonable care should have known, to be incompetent, unfit, or reckless, thereby creating an unreasonable risk of harm to others.

C.  **NEGLIGENT RETENTION**

9. Plaintiff further pleads that Defendant J.B. Hunt negligently retained the driver as an employee. Defendant J.B. Hunt owed Plaintiff a legal duty to protect him from its employee's negligent operation of its vehicle. Plaintiff's injuries and damages were proximately caused by Defendant J.B. Hunt's breach of said duty. Defendant was negligent in retaining its employee, an incompetent, unfit, or reckless driver whom it knew, or by the exercise of reasonable care should have known, to be incompetent, unfit, or reckless, thereby creating an unreasonable risk of harm to others.

D.  **NEGLIGENT ENTRUSTMENT**

10. Plaintiff further pleads that Defendant J.B. Hunt negligently entrusted the subject tractor-trailer to its employee. Defendant J.B. Hunt owned and/or operated the subject tractor-trailer involved in the incident, and consented to and permitted its employee to operate the same at the time of the subject collision. Defendant's employee was an incompetent and/or reckless driver. Further, Defendant's employee was negligent on the occasion in question in a manner that was reasonably foreseeable by Defendant J.B. Hunt, and such negligence proximately caused Plaintiff's resulting damages.

E.  **GROSS NEGLIGENCE**

11. Plaintiff alleges that all acts of commission and omission on the part of Defendant J.B. Hunt, taken singularly or in combination, constitute gross negligence and were the proximate

cause of Plaintiff's injuries and damages. Defendant J.B. Hunt's acts and omissions, when viewed objectively from said Defendant's standpoint at the time such acts and omissions occurred, involved an extreme degree of risk, considering the probability and magnitude of potential harm to others. Defendant J.B. Hunt had actual, subjective awareness of the risk, but proceeded with conscious indifference to the rights, safety, and welfare of Plaintiff with an intentional state of mind. Such gross negligence was a proximate cause of the occurrence and Plaintiff's injuries and damages. Therefore, Plaintiff is entitled to punitive and/or exemplary damages.

## VII.
## DAMAGES

12. As a result of Defendant's actions and/or inactions, Plaintiff brings this lawsuit for the following damages:

    a. Past and future physical pain and suffering of Plaintiff;

    b. Past and future mental anguish of Plaintiff;

    c. Past and future medical expenses;

    d. Past and future loss of earning capacity;

    e. Past and future disfigurement;

    f. Past and future physical impairment;

    g. Court costs;

    h. Exemplary damages; and

    i. Any and all other damages, both general and special, at law and in equity, to which Plaintiff may be justly entitled.

13. Plaintiff also seeks both prejudgment and post judgment interest as allowed by law, for all costs of court, actual damages, and all other relief, both at law and in equity, to which Plaintiff may be entitled.

## VIII.
### PRESERVATION OF EVIDENCE

14. Plaintiff hereby requests and demands that Defendant and their agents, attorneys, and insurers preserve and maintain all evidence pertaining to any claim or defense to the incident made the basis of this lawsuit, or the damages resulting therefrom, including but not limited to photographs; videotapes; audiotapes; recordings; business records, memoranda; files; facsimiles; e-mails; voicemails; text messages; sales receipts; invoices; commission records; tax records; telephone messages; telephone calling card transactions; calendar entries; diary entries; any incident report; and any electronic image, data or information related to the referenced incident. Failure to maintain such items, including but not limited any other items previously requested and demanded to be preserved before the subject lawsuit ensued, will constitute a "spoliation" of the evidence and may subject Defendant to sanctions.

## XI.
### JURY DEMAND

15. Plaintiff hereby demands a trial by jury.

### PRAYER

For the foregoing reasons, Plaintiff prays that upon final trial by a jury Plaintiff is entitled to have judgment against Defendant and request that the Court award money damages as listed above, in such amounts that the jury may deem appropriate and are allowable by law, along with any and all other relief the Court may deem appropriate.

[*Signatures on next page*]

Respectfully submitted,

**ABRAHAM, WATKINS, NICHOLS, AGOSTO, AZIZ & STOGNER**

*/s/ Muhammad S. Aziz*
MUHAMMAD S. AZIZ
State Bar No. 24043538
800 Commerce Street
Houston, Texas 77002
(713) 222-7211
(713) 225-0827 – Facsimile
maziz@awtxlaw.com

**-AND-**

**ROBERT STEM, JR.**
*/s/ Robert Stem, Jr.*
ROBERT STEM, JR.
State Bar No. 24068667
801 Washington Ave., Ste. 300
Waco, Texas 76701
(254) 776-0554
(254) 442-7937 – Facsimile
robert@rstemlaw.com
**ATTORNEYS FOR PLAINTIFF**